**Parbati Tamang LAMA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70654.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

Anthony D. Agpaoa, Law Office of Anthony D. Agpaoa, San Francisco, CA, for Petitioner.

Parbati Tamang Lama, Daly City, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Sarah T. Schubert, Esq., Office of International Affairs, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

MEMORANDUM **

Parbati Tamang Lama, a native and citizen of Nepal, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming in part an Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we grant and remand the petition in part and deny it in part.

■ Because the BIA expressly did not adopt the IJ's adverse credibility determination and did not make an explicit adverse credibility determination of its own, we assume that Tamang Lama's testimony was credible. *See Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir.2000).

■ Tamang Lama testified that, years after her earlier incidents with the Maoist rebels in her home village, the Maoist rebels discovered that she was living in Kathmandu. When they discovered this, the rebels left posters at Tamang Lama's home in Kathmandu threatening to kill her. Therefore, substantial evidence does not support the conclusion that Tamang Lama had safely relocated to Kathmandu. *See Mashiri v. Ashcroft*, 383 F.3d 1112, 1122–23 (9th Cir.2004). Furthermore, substantial evidence does not support the IJ's finding regarding the Nepalese government's ability or willingness to control the activities of the Maoist rebels. *See id.* at 1121–22.

We therefore remand to the BIA for further proceedings consistent with this opinion. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

■ Finally, substantial evidence does support the BIA's finding that Tamang Lama did not establish that it is more likely than not that she will be tortured if returned to Nepal, and so we deny the petition with respect to the CAT claim. *See Ali v. Ashcroft*, 394 F.3d 780, 791 (9th Cir.2005).

**PETITION FOR REVIEW GRANTED and REMANDED in part, and DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

